**SO ORDERED.**

**SIGNED this 14th day of July, 2010.**

_____
**LEIF M. CLARK
UNITED STATES BANKRUPTCY JUDGE**

_____

# United States Bankruptcy Court
### Western District of Texas
### San Antonio Division

| | |
|---|---|
| IN RE | BANKR. CASE NO. |
| BETTY BALLES SALAS | 09-54716-C |
| *DEBTOR* | CHAPTER 7 |

### MEMORANDUM DECISION AND ORDER DENYING MOTION TO VACATE DISCHARGE ORDER, DENYING MOTION NUNC PRO TUNC FOR ORDER ALLOWING DEBTOR TO ENTER INTO A REAFFIRMATION AGREEMENT WITH WELLS FARGO FINANCIAL, AND SETTING FOR HEARING DEEMED REQUEST FOR ENLARGEMENT OF TIME PURSUANT TO RULE 4008(A)

CAME ON for consideration the foregoing matter. The debtor received her discharge on March 15, 2010. The debtor failed to file a reaffirmation agreement with Wells Fargo Financial regarding her 2001 Jeep Wrangler. It is not clear whether such an agreement was in fact executed. The debtor sought to reopen the chapter 7 case in order to be able to file the reaffirmation agreement with the court.

If the reaffirmation agreement was not made prior to the date of the debtor's discharge, then it is too late to file the reaffirmation agreement. This is so because, under section 524(c)(1), such an

agreement must be made prior to the entry of a debtor's discharge in order to be effective. "Made" means signed by the parties to the agreement. *See In re Herrera*, Bankr. Case No. 05-31649-C (slip op., at p. 5-6) (Bankr. W.D.Tex. Dec. 14, 2007); *see also Whitehouse v. LaRoche*, 277 F.3d 568, 574 (1st Cir. 2002); *Lichtenstein v.Barbanel*, 161 Fed. Appx. 461 (6th Cir. 2005); *In re Turner*, 156 F.3d 713, 718 (7th Cir. 1998); *Lee v. Yeutter*, 917 F.2d 1104, 1106 n.3 (8th Cir. 1990); *Republic Bank of Ca. v. Getzoff (In re Getzoff)*, 180 B.R. 572, 574-75 (9th Cir. B.A.P. 1995); *Schott v. WyHy Fed. Credit Union (In re Schott)*, 282 B.R. 1, 7 (10th Cir. B.A.P. 2002). As this court observed in *Herrera*,

> Because reaffirmation agreements are effectively waivers of discharge with respect to a particular creditor, they are exceptions to the "fresh start" policy of the bankruptcy process. As such, the reaffirmation exception is strictly construed, and the requirements imposed for their enforceability are themselves enforced rigidly. *See Matter of Duke*, 79 F.3d at 44; *In re Jamo*, 283 F.3d 392, 398 (1st Cir. 2002) (citations omitted); *see also In re Bennett*, 298 F.3d 1059, 1067 (9th Cir. 2002) (citing *Republic Bank of Cal. v. Getzoff (In re Getzoff)*, 180 B.R. 572, 574 (9th Cir. B.A.P. 1995)).

*Herrera*, slip op., at p. 6. Without having seen the reaffirmation agreement sought to be filed here, the court cannot say whether the proposed reaffirmation is effective or not. What the court *can* say at this point is that, if it was not executed prior to March 15, 2010, it will not matter whether it is filed or not. It will not be a valid or effective reaffirmation agreement.[1]

If the agreement *was* executed prior to March 15, 2010, however, then it will be possible for the debtor to file the reaffirmation agreement at this late date, provided the court grants relief under Rule 4008(a). That rule states that "the court may, at any time and in its discretion, enlarge the time to file a reaffirmation agreement." FED.R.BANKR.P. 4008(a). It is a prerequisite for its enforceability that a reaffirmation agreement be filed with the clerk of court. *See* 11 U.S.C. § 524(c)(3); *see also*

---

[1] It is for this reason as well that the motion to vacate the debtor's discharge is here denied. Vacation of the discharge will not cure a reaffirmation agreement that was not executed before the actual entry of the discharge. *See In re Herrera*, *supra*. Rule 4008(a) itself does not require vacation of the discharge as a prerequisite to the court's entering an order enlarging the time for the parties to *file* a reaffirmation agreement. Thus, vacation of the debtor's discharge is irrelevant to whether a reaffirmation agreement can be filed late.

*In re Mausolf*, 403 B.R. 761, 765-66 (Bankr. S.D.Fla. 2009). Whether the court should grant the relief requested turns of course on whether granting the relief would be futile (*i.e.*, was the agreement made before or after the entry of discharge). It also turns, however, on whether the reaffirmation agreement would be an undue hardship on the debtor. This is so because, as a result of the discharge having already been entered, the court can no longer conduct a review of the agreement or have a hearing to determine undue hardship. The statute requires that any such hearing be conducted *prior* to the entry of the debtor's discharge. *See* 11 U.S.C. § 524(m); *see also In re Schmidt*, 2009 WL 1587690 (Bankr. W.D.Ohio April 16, 2009). The court cannot conduct the section 524(m) hearing now. It is too late. By the same token however, the court should not permit the late filing of the reaffirmation agreement if it appears that the agreement would in fact impose just such a hardship.

For this reason, the court will set a hearing to determine whether relief should be granted under Rule 4008(a). At that hearing, the debtor can present a copy of the proposed agreement as an evidentiary exhibit. On review of the evidence, based on the standards set out here, the court will determine whether the requested extension should be granted. The date and time of the hearing will be furnished to the debtor and the creditor by separate notice.

For the reasons stated, the motion to vacate the discharge order is denied. The motion for order allowing the debtor to "enter into" a reaffirmation agreement post-discharge is also denied, for the reasons stated. However, the court construes the debtor's pleading to be sufficient as a request to enlarge the time for *filing* a reaffirmation agreement. The request is, by this order, to be set by the clerk of court for hearing. The clerk will send notice to the debtor and the creditor of the date and time of the hearing setting.

# # #